Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

BRIANNA BEAUDOIN, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

US TRICHOLOGY, LLC,

Defendant

Case No. 3:26-cv-2342

CLASS ACTION COMPLAINT
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Brianna Beaudoin ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that US Trichology, LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members who wished not to be contacted and by making telemarketing calls without complying with the TCPA's caller ID requirements, including after she requested they stop.

## Parties

4. Plaintiff has a 971- telephone number associated with this District, in Multnomah County.

5. Defendant is a limited liability company headquartered in Latham, Albany County, New York.

## Jurisdiction & Venue

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant because Defendant directed its conduct into Oregon by texting and calling individuals with Oregon telephone numbers, including those, like Plaintiff, possessing 971- area code numbers, which are associated with this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.</u>

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15. There is no consent defense to 47 C.F.R. § 64.1601(e)(1).

16. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

## <u>**Factual Allegations**</u>

17. Plaintiff is, and at all times mentioned herein was, a natural person.

18. Plaintiff's telephone number, (971) XXX-XXXX, is a cellular telephone number.

19. Plaintiff uses the telephone number for personal, residential, and household purposes.

20. Plaintiff's number is on the National Do Not Call Registry and has been since 2019.

21. In March 2026, Plaintiff received two text messages from Defendant after signing up for more information about Defendant's business.

22. After receiving those two text messages, Plaintiff requested Defendant stop texting her, but, despite her request, Defendant sent text message calls to her twice immediately thereafter:




23. Defendant continued to call the Plaintiff on March 10 and 17, 2026:




24. Defendant also called Plaintiff on April 14, 2026 and left a voicemail.

25. Below is a screenshot of the transcript of the voicemail.



26. Defendant continues to contact Plaintiff incessantly, even to this day. For example, the Plaintiff received at least the following text message call on at least May 26, 2026:




27. The calls all transmitted the caller IDs as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of the dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 480-399-6755 | Y | PHOENIX, AZ | AT&T |
| 833-385-8573 | Y | TOLL FREE CALL | Sinch |
| 518-389-6202 | Y | USTI | FirstLight Fiber |
| 855-729-6184 | Y | TOLL FREE CALL | Twilio |

28. As the aforementioned chart shows, the CNAM transmitted by the telephone carriers in some instances provided inaccurate CNAM functionality, which did not transmit the caller's name, but in other instances did provide accurate CNAM.

29. Each of these telephone carriers provides the ability to set the CNAM result accurately to reflect their own name as desired, and Defendant did in fact do so in some instances, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit something other than the caller's name, usually a generic designator, as occurred here.

30. Additionally, the 480-399-6755 number was unable to accept a do not call request during regular business hours, as Plaintiff attempted to do so but continued to receive calls and text message calls from the defendant anyway.

31. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016). The Ninth Circuit and multiple judges of this Court have similarly so held.

32. The text messages promoted Defendant's hair loss and scalp education products and services.

33. Defendant's telephone records can be analyzed to ascertain who Defendant's customers and their telephone numbers are, whether or not Defendant possesses putative consent to contact any numbers it contacted, determine what the responses to those messages were, and whether those numbers were reassigned after any date of putative consent, among other common questions answerable on common evidence.

34. Plaintiff requested the text message calls stop but they continued.

35. The calls, including text message calls, were unwanted.

36. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

37. The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

38. Plaintiff found the calls frustrating, annoying, and intrusive.

39. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of her cellular telephone.

40. The calls were sent to generate sales, increase traffic to Defendant's website, and promote Defendant's products and brand.

41. Defendant used its trade name, trademarks, branding, promotional language, and website links in the calls.

42. Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement.

43. Defendant continued sending calls despite Plaintiff's clear indication that the calls were unwanted.

44. Plaintiff was harmed by Defendant's conduct because the repeated, unwanted calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied her cellular telephone's storage and bandwidth, disrupted her daily activities, and interfered with the use and enjoyment of her cellular telephone.

## **Class Action Statement**

45. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2.

47. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, and/or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and/or that Defendant was contacting a wrong number and (5) within the four years prior to the filing of the Complaint.

48. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

49. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51. This Class Action Complaint seeks injunctive relief and money damages.

52. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

53. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

54. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

57. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c. whether Defendant transmitted CPN or ANI containing its name, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

d. Whether Defendant's conduct constitutes a violation of the TCPA; and

e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

58. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

59. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

60. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

61. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

62. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

63. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

64. The foregoing acts and omissions of Defendant and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

65. Defendant's violations were negligent, willful, or knowing.

66. As a result of Defendant's and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

67. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

68. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

69. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

70. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

71. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without providing a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours and by transmitting non-compliant Caller ID that did not transmit the caller's name.

72. These violations were willful or knowing.

73. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

74. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## <u>THIRD CAUSE OF ACTION</u>

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

75. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

76. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

77. Defendant's violations were negligent, willful, or knowing.

78. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes to a number on the Do Not Call Registry, which which had previously asked to stop, or without the transmission of Caller ID information required by law in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Attorneys' fees and costs, as permitted by law; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Plaintiff,
By Counsel,

Dated: October 23, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class